<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GARY FLOYD, JR.,<br><br>         Plaintiff,<br><br>  v.<br><br>UPGRADE INC., *et al.*,<br><br>         Defendants. | Civil Action No. 25-12151 (GC) (TJB)<br><br><u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

      **THIS MATTER** comes before the Court upon Defendant Experian Information Solutions, Inc. (Experian), Defendant Equifax Information Services LLC[1] (Equifax), and Defendant Upgrade Inc. (Upgrade)'s Motions to Dismiss *pro se* Plaintiff Gary Floyd, Jr.'s Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6).  (ECF Nos. 18, 20, 24.)  Plaintiff opposed, (ECF Nos. 21, 22, 25), and Defendants replied (ECF Nos. 26, 27, 28).  The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendants' Motions are **GRANTED**.

---

[1]     Plaintiff's Complaint incorrectly names Defendant Equifax Information Services LLC as Equifax Inc.  (ECF No. 1.)

I.      **BACKGROUND**

Experian and Equifax are credit reporting agencies (CRAs). (ECF No. 1 at 2.)[2] Upgrade is the parent company of Uplift.[3] (ECF No. 1-1 at 3.) Uplift is a company that "facilitates loans for travelers paying for airfare, cruise tickets and hotel stays." (*Id.*) Loans procured through Uplift are originated by various banks and then sold to Uplift, which services the loans and holds them until they mature. (*Id.*)

Plaintiff took out three loans with Uplift.[4] (*Id.*; ECF No. 1 at 2.) On December 7, 2023, Plaintiff's accounts were sold by Uplift to Jefferson Capital Systems, LLC (JCS) "for collection purposes." (ECF No. 1-1 at 1, 3; ECF No. 1 at 2.) At that point, JCS became the new servicer of Plaintiff's account, and Plaintiff was directed to make all payments to JCS. (ECF No. 1-1 at 1.)

Plaintiff alleges that tradelines[5] related to these three Uplift accounts on his consumer reports maintained by Equifax and Experian are inaccurate. (ECF No. 1 at 2-3.) Plaintiff "disputed these accounts through the proper legal channels and filed a [Consumer Financial Protection Bureau (CFPB)] complaint." (*Id.* at 3; ECF No. 1-1 at 2, 6, 7.) JCS subsequently "confirmed they instructed credit bureaus to delete the tradelines," (ECF No. 1 at 2), but noted that it is "unable to request the bureaus to take action" on tradelines from other entities. (ECF No. 1-1 at 2).

---

[2]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]     The Court will refer to Upgrade as Uplift throughout this Opinion.

[4]     Uplift purchased the loans from CBW Bank three business days after CBW Bank originated the loans. (*See* ECF No. 1-1 at 3.)

[5]     A tradeline is "information about a consumer account that is sent, generally on a regular basis, to a [CRA]. Tradelines contain data such as account balance, payment history, and status of the account." *Davenport v. Capio Partners LLC*, Civ. No. 20-1700, 2022 WL 202952, at *1 n.1 (M.D. Pa. Jan. 21, 2022) (citations omitted).

2

Plaintiff alleges that although JCS instructed the CRAs to delete its tradelines, Experian and Equifax still "continue to report the inaccurate accounts." (ECF No. 1 at 2.)  The inaccurate reporting has resulted in denials of funding, damage to Plaintiff's credit score, and emotional distress.  (*Id.* at 3.)  Plaintiff filed this action against Defendants Experian, Equifax and Uplift, asserting three counts under the Fair Credit Reporting Act (FCRA).[6]  (*Id.*)  Defendants seek to have each count dismissed for failure to state a claim.  (ECF Nos. 18, 20, 24.)

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements."  *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim."  *In re Plavix Mktg., Sales Pracs. &*

---

[6]   Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

*Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

In deciding a Rule 12(b)(6) motion, the court can only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). A court may also consider any document "integral to or explicitly relied upon in the complaint" when ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### B.    Pro Se Leniency

Plaintiff is proceeding pro se and "[t]he obligation to liberally construe a pro se litigant's pleadings is well-established." *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that pro se complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    <u>DISCUSSION</u>

The FCRA, 15 U.S.C. §§ 1681-1681x, "establishes procedures to ensure accurate and complete credit reporting both by [CRAs] and furnishers, who provide CRAs information about consumers' debts." *Ritz v. Equifax Info. Servs., LLC*, Civ. No. 23-2181, 2025 WL 1303945, at *1 (3d Cir. May 6, 2025). It is designed "to protect consumers from the transmission of inaccurate

information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (citation modified).

Plaintiff alleges that Defendants violated three provisions of the FCRA. First, Plaintiff alleges that Defendants continued to report inaccurate information after being informed that the information was inaccurate in violation of 15 U.S.C. § 1681e(b). (ECF No. 1 at 2.) Second, Plaintiff alleges that Defendants failed to conduct a reasonable investigation after he informed them that they were reporting allegedly inaccurate accounts, in violation of 15 U.S.C. § 1681i(a).[7] (*Id.*) Third, Plaintiff alleges that Defendants failed to correct or delete accounts after notification, in violation of 15 U.S.C. § 1681s-2. (*Id.*)

Sections 1681e(b) and 1681i(a) create duties only for CRAs. *See Stephens v. Equifax, Inc.*, Civ. No. 22-01940, 2023 WL 8531833, at *4 n.6 (D.N.J. Feb. 24, 2023) ("[T]he obligations under § 1681e, § 1681i, § 1681b(a), and § 1681g apply only to consumer reporting agencies."). By contrast, § 1681s-2 "places certain duties on *those who furnish information to CRAs*," known as "furnishers." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (citation modified) (emphasis added). While Plaintiff's Complaint appears to allege each claim against each Defendant, Plaintiff's subsequent papers clarify that Plaintiff asserts claims under § 1681e(b) and § 1681i(a) only as to Experian and Equifax and a claim under § 1681s-2 only as to Uplift. (*See* ECF No. 21 at 7; ECF No. 22 at 2-3; ECF No. 25 at 2.)

---

[7]    Because Plaintiff plainly states that the claim under § 1681i is for "[f]ailing to conduct a reasonable investigation," the Court construes this count as one brought under § 1681i(a). (*See* ECF No. 1 at 3.) *See also* 15 U.S.C. § 1681i(a) (pertaining to "reinvestigations of disputed information").

Experian and Equifax argue that the § 1681e(b) and § 1681i(a) claims against them should be dismissed because Plaintiff has not sufficiently pled how the tradelines at issue are inaccurate, an essential showing to state a claim under either of these sections.  (ECF No. 18-1 at 12-13; ECF No. 27 at 6-10; ECF No. 20-1 at 13-15; ECF No. 28 at 6-9.)  Uplift argues that the Court should dismiss the § 1681s-2 claim pled against it because Plaintiff has not adequately alleged several requisite elements, including that Uplift furnished inaccurate information to a CRA, that Plaintiff submitted a dispute regarding the accounts at issue to a CRA, and that the CRAs in turn submitted those disputes to Uplift.  (ECF No. 24-2 at 9-11.)

The Court will consider § 1681e(b) and § 1681i(a) together before turning to § 1681s-2.

**A.      15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i**

When a CRA prepares a consumer report, § 1681e(b) requires the CRA to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  To prevail on a claim asserting negligent noncompliance with this provision,[8] Plaintiff must plead four elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry."  *Cortez*, 617 F.3d at 708.  "The FCRA also confers on consumers the right to have negative information in their credit reports investigated (or 'reinvestigated') for accuracy."  *Cooke v. Experian Info. Sols., Inc.*, Civ. No. 22-5375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024).

---

[8]      A consumer can sue a CRA for willful or negligent noncompliance with § 1681e(b) and § 1681i of the FCRA.  *See* 15 U.S.C. § 1681n; 15 U.S.C. § 1681o.  Plaintiff's Complaint does not specify whether Plaintiff's claims are for willful or negligent noncompliance, so the Court will construe the claim under the more lenient pleading standard given Plaintiff's *pro se* status.

When a consumer disputes the completeness or accuracy of the information contained in their consumer report and notifies the CRA accordingly, § 1681i(a) of the FCRA requires CRAs to "promptly reinvestigate any information in a consumer's file that is disputed by a consumer" and "either record the current status of the information in dispute or delete it." *Cortez*, 617 F.3d at 712.

To prevail on a claim under either § 1681e(b) or § 1681i(a), Plaintiff must allege that the reported information was, in fact, inaccurate. *Lee v. Experian*, Civ. No. 22-3107, 2022 WL 6768199, at *5 (E.D. Pa. Oct. 7, 2022) (citing *Bibbs v. Trans Union LLC*, 43 F.4th 331, 343-44 (3d Cir. 2022)). "Inaccurate" information under the FCRA is that which is "technically incorrect" or missing information that, through its omission, "creates a materially misleading impression." *Stephens*, 2023 WL 8531833, at *4 (quoting *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014)).

In *Lee v. Experian*, the plaintiff contested the accuracy of certain tradelines and asserted claims against the CRA defendants under § 1681e(b) and § 1681i. 2022 WL 6768199, at *3. The court dismissed the claims because the plaintiff "fail[ed] to allege factually how, why, or in what manner the contested tradelines were, in fact, inaccurate." *Id.* Similarly, in *West v. Equifax Information Services, LLC*, the Court dismissed claims under § 1681e(b) and § 1681i(a) because while the plaintiff alleged "inaccurate and unverifiable tradelines on her credit reports," the plaintiff did not allege "what inaccurate information was included in her consumer report" or "how and why the information was inaccurate." Civ. No. 25-3738, 2025 WL 2111074, at *4 (E.D. Pa. July 28, 2025).

Here, Plaintiff alleges that the three Uplift accounts are inaccurate tradelines that continue to be reported by Experian and Equifax. (*See* ECF No. 1 at 2.) But Plaintiff's Complaint does not provide any additional factual allegations that articulate "how and why the information was

inaccurate." *West*, 2025 WL 2111074, at *4; *Lee*, 2022 WL 6768199, at *3. The Court notes that Plaintiff's briefing begins to clarify the alleged inaccuracies. For example, in Plaintiff's opposition to Equifax's Motion, Plaintiff states that "[r]eporting accounts as charged-off or transferred after deletion confirmation, even with a zero-dollar balance, materially misleads credit decisionmakers." (ECF No. 22 at 3.) And in Plaintiff's opposition to Experian's Motion, Plaintiff lists how the information Experian published was "inconsistent, outdated, and derogatory in ways that did not reflect the trust status or history of the accounts," noting language from the report such as "Potentially Negative" and "Charged off."[9] (ECF No. 21 at 3.) However, it is axiomatic that a plaintiff cannot amend a complaint through briefing a motion to dismiss. *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (citing *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Without more facts in the Complaint, Plaintiff has not alleged the requisite "factual basis that the reported information was inaccurate." *West*, 2025 WL 2111074, at *3; *see also Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (affirming dismissal of the plaintiff's FCRA claims where the plaintiff alleged "[t]he inaccurate information includes a credit card account . . . that represented a balance and a late payment" but did not allege "how or why that information was inaccurate or how Experian should have reported it"). Because such allegations are necessary to state a claim under

---

[9]    Of course, "[t]he FCRA permits credit reporting agencies to report accounts that have been 'charged to profit and loss'—i.e., 'charged off'—for a period of seven years." *Wylie v. TransUnion, LLC*, Civ. No. 16-102, 2017 WL 835205, at *4 n.3 (W.D. Pa. Mar. 2, 2017). And "whether a debt is *later* settled does not change the fact that the debt had been *previously* written off and could therefore be reported as such for up to seven years." *Schiff v. Experian Info Servs., Inc.*, Civ. No. 21-1167, 2021 WL 5205906, at *3 (D.N.J. Nov. 9, 2021) (emphasis in original).

§ 1681e(b) or § 1681i(a), the Court finds that Plaintiff has not sufficiently alleged these counts as to Equifax or Experian and dismisses them without prejudice.[10]

### B. 15 U.S.C. § 1681s-2

Plaintiff also asserts a claim under § 1681s-2 for "[f]ailing to correct or delete accounts after notification." (ECF No. 1 at 3.) Consumers have a private right of action under § 1681s-2(b) to enforce the furnisher's duty to investigate, a duty that is created only when the furnisher receives notice from a CRA that a consumer disputes information in their consumer report. *SimmsParris*, 652 F.3d at 357-58; *see also Annecharico v. Bank of Am., N.A.*, Civ. No. 11-6508, 2012 WL 1677242, at *1 (D.N.J. May 11, 2012) ("The furnisher's duty to investigate is not triggered until it receives notice from the [CRA] of the consumer's dispute." (quoting *Henderson v. Equable Ascent Financial, LLC*, Civ. No. 11-3576, 2011 WL 5429631, at *3 (D.N.J. Nov. 4, 2011))).

An individual bringing a claim under § 1681s-2(b) therefore must allege that: (1) the consumer sent notice of disputed information to a CRA under § 1681i, (2) the CRA subsequently notified the defendant furnisher of the dispute under § 1681i(a)(2), and (3) the furnisher failed to investigate and modify the inaccurate information. *See Cabrera v. Nazor*, Civ. No. 23-2745, 2024 WL 310523, at *5 (D.N.J. Jan. 25, 2024) (citation omitted). Only a CRA that is reporting the purportedly inaccurate information can give notice to a furnisher of the consumer's dispute; notice cannot come directly from the consumer. *SimmsParris*, 652 F.3d at 358.

Further, "to allege a plausible claim against a furnisher of credit information, the plaintiff must allege that the furnisher communicated inaccurate information to a credit reporting agency"

---

[10]   While Plaintiff's Complaint appears to assert these counts against all Defendants, (see generally ECF No. 1), such claims can only be brought against CRAs, *Stephens v. Equifax, Inc.*, Civ. No. 22-01940, 2023 WL 8531833, at *4 n.6 (D.N.J. Feb. 24, 2023), and because Plaintiff's opposition does not dispute that Uplift is a furnisher and not a CRA, (see ECF No. 25 at 4), the Court dismisses these counts as to Uplift with prejudice.

and "what that information was." *Bathily v. GEICO*, Civ. No. 24-0769, 2024 WL 897579, at *2 (E.D. Pa. Mar. 1, 2024); *see also Farrington v. Freedom Mortg. Corp.*, Civ. No. 20-4432, 2022 WL 16552779, at *10 (D.N.J. Oct. 31, 2022) ("A plaintiff must show inaccuracy to state a claim under § 1681s-2(b)." (citing *Esperance v. Diamond Resorts*, Civ. No. 18-10237, 2022 WL 1718039, at *5 (D.N.J. May 27, 2022) (collecting cases))); *Roach v. Navy Fed. Credit Union*, Civ. No. 24-6408, 2024 WL 5204584, at *3 (E.D. Pa. Dec. 23, 2024) ("[C]ourts have explicitly held that a showing of inaccuracy is essential to a § 1681s-2(b) claim in regard to furnishers of credit information."); *cf. Scarbo v. Wisdom Fin.*, Civ. No. 20-5355, 2022 WL 309161, at *6 (E.D. Pa. Feb. 2, 2022), *aff'd*, No. 22-1398, 2022 WL 16829371 (3d Cir. Nov. 9, 2022) (explaining the threshold requirement that furnished information be inaccurate because "[a]bsent an inaccuracy, the consumer cannot 'satisfy the statutory requirement of actual damages' or 'Article III's requirement of actual damages or concrete harm'"). When a plaintiff alleges that a tradeline is inaccurate, the plaintiff must further allege "which collection or charge-off [the plaintiff] is referring to" and why the tradeline is inaccurate. *Crisostomo v. Westlake Fin., Inc.*, Civ. No. 24-937, 2024 WL 3204459, at *3 (E.D. Pa. June 26, 2024).

The Court finds that Plaintiff's Complaint does not sufficiently allege any of the elements needed to state a claim under § 1681s-2(b). Plaintiff's Complaint states that "Plaintiff disputed these accounts through the proper legal channels and filed a CFPB complaint." (ECF No. 1 at 3.) Even construing Plaintiff's Complaint to assert that he contacted Experian and Equifax, Plaintiff still has not sufficiently alleged a claim under § 1681s-2(b).[11] Plaintiff's Complaint does not

---

[11]    While Plaintiff also alleges that he contacted the CFPB, "this does not suffice to state a claim under § 1681s-2(b) as the CFPB is not a consumer reporting agency." *Adeseye v. FedLoan Serv.*, Civ. No. 17-1126, 2018 WL 3135846, at *3 (D. Del. June 27, 2018) (finding the plaintiff failed to state a claim under § 1681s-2(b) because notification to the CFPB did not satisfy the provision's requirement of notice to a CRA).

contain any allegations as to whether the CRAs then notified Uplift of Plaintiff's dispute or whether Uplift failed to conduct a reasonable investigation after it received such notice from a CRA. (*See generally* ECF No. 1.) *See Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016). Indeed, Plaintiff's Complaint contains no particularized allegations as to Uplift, stating only that Uplift originated the accounts at issue. (*See generally* ECF No. 1.) Moreover, as already discussed, Plaintiff's Complaint has not sufficiently identified the purportedly inaccurate information that is the subject of the dispute, instead discussing only "inaccurate tradelines" in a broad sense. (*See* ECF No. 1 at 2-4.) And Plaintiff cannot amend his Complaint through briefing. *Frederico*, 507 F.3d at 201-02. Accordingly, Plaintiff's § 1681s-2 claim as to Uplift is dismissed without prejudice.[12]

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motions (ECF Nos. 18, 20, 24) are **GRANTED**. An appropriate Order follows.

Dated: June 23, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[12]    Plaintiff's § 1681s-2(b) claim is dismissed with prejudice as to Experian and Equifax, as Plaintiff cannot assert a claim under § 1681s-2(b) against a CRA. *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011).